UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IRON DYNAMICS,<br>a division of Steel Dynamics, Inc.,<br><br>    **Plaintiff,**<br><br>    v.<br><br>ALSTOM POWER, INC.,<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)    CAUSE NO. 1:06-CV-357<br>)<br>)<br>)<br>) |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 41.) As the proposed order contains a major defect, it will be DENIED.

The proposed order's definition of "Confidential Material" is impermissibly broad:

> "Confidential Material" means Material *concerning or containing*: (1) "Trade Secrets" . . . or (2) "Research, Design, and Development Data" . . . that is Non-Public . . . and would cause competitive injury to the Producing Party if said Confidential Material were made public or revealed to a competitor.

(Proposed Stipulated Protective Order ¶ 4 (emphasis added).) Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."). However, the protective order submitted

1

by the parties fails to provide an adequate basis for finding good cause.

To explain, the proposed order seeks to cause documents "concerning" or "containing" confidential information to be filed under seal (*see* Proposed Stipulated Protective Order ¶¶ 4, 10), rather than solely protecting the actual confidential material itself. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  These inclusive terms simply serve to expand the boundaries of an otherwise properly demarcated category. *See id*. at 945-46 (articulating that a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information").

Moreover, this premise is repeated several times throughout the proposed order.  For example, the definition of "Research, Design, and Development Data" incorporates the words "concerning or including"; parties are permitted to file under seal any document that "embodies" Confidential Material; and any deposition "containing" Confidential Material may be designated as Confidential Material. (*See* Proposed Stipulated Protective Order ¶¶ 4, 10, 11.)

The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., Cincinnati*, 178 F.3d at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March

28, 2003).

    Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law but what has been submitted thus far is inadequate.   For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 41).

    SO ORDERED.

    Enter for this 21st day of August, 2007.

                                          S/ Roger B. Cosbey
                                          Roger B. Cosbey,
                                          United States Magistrate Judge